UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHARLES TAYLOR | CIVIL ACTION |
| VERSUS | NO: 17-3222 |
| BP EXPLORATION & PRODUCTION, INC., et al. | SECTION: T |

## ORDER

Before the Court is a *Motion for Summary Judgment* filed by Defendants BP Exploration & Production, Inc., BP America Production Company, BP p.l.c.[1] Halliburton Energy Services, Inc. and Transocean Holdings, LLC, Transocean Deepwater, Inc., Transocean Offshore Deepwater Drilling, Inc., Transocean, Ltd., and Triton Asset Leasing GmbH joined in said motion.[2] Plaintiff Charles Taylor has not filed an opposition.

For the following reasons, the motion is **GRANTED**.

## FACTUAL BACKGROUND

In his complaint, Plaintiff alleges that, as a direct and proximate result of the Deepwater Horizon explosion and subsequent oil spill, he was injured as a result of exposure to oil and/or oil-dispersing chemicals and/or decontaminants.[3] Defendants now move for summary judgment asserting Plaintiff cannot produce the expert evidence necessary to prove his claim.[4]

Defendants explain that this is a toxic tort lawsuit brought by an individual who claims an exposure-based injury as a result of the Deepwater Horizon oil spill. According to Defendants, the

---

[1] R. Doc. 47.
[2] *Id*. at n.1.
[3] R. Doc. 1.
[4] R. Doc. 47.

1

courts examining exposure cases have established two relevant legal principles: (1) such plaintiffs bear the burden of proving that the alleged exposure was the legal cause of their injuries, and (2) they must produce expert testimony to do so. In this case, Defendants argue, Plaintiff has alleged a litany of health complaints due to the spill, but has not produced any expert testimony to support those claims.

## LAW AND ANALYSIS

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[5] The court must find "a factual dispute to be 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party and a fact to be 'material' if it might affect the outcome of the suit under the governing substantive law."[6] The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact and all reasonable inferences are drawn in favor of the nonmoving party.[7] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[8] However, "unsupported allegations

---

[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)).
[6] *Voelkel McWilliams Const., LLC v. 84 Lumber Co.*, 2015 WL 1184148, at *5 (E.D. La. Mar. 13, 2015) (quoting *Beck v. Somerset Techs., Inc*., 882 F.2d 993, 996 (5th Cir. 1989)).
[7] *Celotex,* 477 U.S. at 323.
[8] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co*., 530 F.3d 395, 398–99 (5th Cir. 2008).

or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[9]

As Defendants point out, it is well-settled that toxic tort plaintiffs must produce expert testimony to meet their burden of proving legal causation.[10] Our courts have not hesitated to grant summary judgment in favor of BP where a BELO plaintiff has lacked expert support for his/her case.[11]

Here, Plaintiff has failed to direct this Court to any expert witness evidence that would support his claim for relief. Absent such expert witness evidence, the Court will **GRANT** Defendants' Motion for Summary Judgment.

## CONCLUSION

For the above reasons, **IT IS SO ORDERED** that Defendants' Motion for Summary Judgment[12] is **GRANTED**, and Plaintiff's claims against Defendants are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana this 31st day of March, 2023.

_____
Hon. Greg Gerard Guidry
United States District Judge

---

[9] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).

[10] *See, e.g., McGill v. BP Expl. & Prod. Inc.*, 830 F. App'x 430, 434 (5th Cir. 2020); *Garcia-Maradiaga v. BP Expl. & Prod.*, No. 18-cv-11850, 2020 WL 491183, at *3 (E.D. La. Jan. 30, 2020) (Ashe, J.) ("although a BELO plaintiff need not prove liability to recover damages, he or she must prove that exposure to oil or other substances legally caused his or her physical condition"); *see also In re Deepwater Horizon BELO Cases*, No. 20-14544, 2022 WL 104243, at *2 (11th Cir. Jan. 11, 2022) ("In a toxic-tort case like this one, a plaintiff must establish both general and specific causation through admissible, reliable expert testimony.").

[11] *See, e.g., Williams v. BP Expl. & Prod.*, No. 18-9753, 2019 WL 6615504, at *11 (E.D. La. Dec. 5, 2019) ("When a plaintiff has no expert testimony to prove his medical diagnosis or causation at trial, the plaintiff's suit may be dismissed at the summary judgment stage.").

[12] R. Doc. 47.

3